UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ASHENAFI G. ABERHA,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>DIRECTOR NEVADA DEPT OF CORRECTIONS, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:19-cv-00606-MMD-WGC<br><br>ORDER |

### I.   SUMMARY

*Pro se* Plaintiff Ashenafi G. Aberha, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. Before the Court is United States Magistrate Judge William G. Cobb's Report and Recommendation ("R&R"), recommending that the Court grant Defendant Eric Delafontaine's motion for summary judgment (ECF No. 37) and dismiss the Doe Defendant without prejudice.[1] (ECF No. 54.) Plaintiff timely filed an objection (ECF No. 55 ("Objection")) to the granting of summary judgment, and Defendant responded (ECF No. 57). As further explained below, the Court sustains Plaintiff's Objection in part and will deny summary judgment.[2]

///

///

---

[1]The R&R correctly found that Plaintiff failed to timely seek to amend the complaint to add the Doe Defendant as a party. (ECF No. 54 at 4-5.) The Court thus overrules Plaintiff's objection to the dismissal and adopts the recommendation to dismiss Doe Defendant without prejudice.

[2]Plaintiff's Objection challenges Judge Cobb's evidentiary rulings. The Court declines to address these arguments because the Court rejects Judge Cobb's recommendation to grant summary judgment in favor of Defendant,

## II. BACKGROUND

The Court incorporates by reference and adopts Judge Cobb's recitation of Plaintiff's allegations provided in the R&R. (ECF No. 54 at 1-2.) After the screening of the Complaint, the Court permitted Plaintiff to proceed on a single claim of failure to protect in violation of the Eighth Amendment against Defendant and a Doe officer. (ECF No. 11.)

## III. LEGAL STANDARD

### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 55.)

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253,

288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Judge Cobb recommends granting summary judgment because undisputed evidence supports Defendant's argument that Plaintiff cannot satisfy the subjective prong of his claim[3]—that Defendant was not aware that Plaintiff faced a substantial risk of harm by keeping Plaintiff in the cell with his cellmate, Booker, who Plaintiff complained later choked and raped him. (ECF No. 54 at 11-13.) The Court disagrees with the finding that the facts are undisputed and therefore rejects Judge Cobb's recommendation to grant summary judgment.

In support of his motion, Defendant stated in his declaration that Plaintiff told him

---

[3]This subjective prong requires a plaintiff to show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

3

1   "it was not working with his cellmate and that they needed to be separated." (ECF No. 37-
2   1 at 3.) Defendant denied that Plaintiff ever indicated that he "had been sexually assaulted
3   by inmate Booker." (*Id.*) Judge Cobb found that although Plaintiff argued that Defendant's
4   declaration is false, he does not offer any evidence to dispute these statements. (ECF
5   No. 54 at 11-12.) However, Plaintiff asserts in his verified Complaint that on September
6   20, 2018, Booker sexually assaulted Plaintiff three times while Plaintiff was in the cell with
7   him, and he reported the first incident to Defendant, but Defendant made fun of Plaintiff.[4]
8   (ECF No. 5 at 4.) Courts must consider a *pro se* party's contentions offered in motions
9   and pleadings as evidence in his opposition to the motion for summary judgment "where
10  such contentions are based on personal knowledge and set forth facts that would be
11  admissible in evidence, and where [he] attested under penalty of perjury that the contents
12  of the motions or pleadings are true and correct." *Jones v. Blanas,* 393 F.3d 918, 923 (9th
13  Cir. 2004); *see also Richardson v. Reno Police Dep't*, Case No. 3:17-cv-00383-MMD-
14  WGC, 2020 WL 907561, at *2 (D. Nev. Feb. 24, 2020) (noting that a *pro se* plaintiff "may
15  rely on his own verified statements to create a factual dispute"). Plaintiff's Complaint is
16  verified, and he attested to the allegations in his Complaint under penalty of perjury. (ECF
17  No. 5 at 9.) Viewed in the light most favorable to Plaintiff and drawing all reasonable
18  inferences in his favor, Plaintiff's sworn allegations create a genuine issue of material fact
19  as to whether Defendant was aware of a substantial risk of harm to Plaintiff, from his
20  continued sharing of the cell with Booker. *See Celotex Corp.*, 477 U.S. at 322; *Kaiser
21  Cement Corp.*, 793 F.2d at 1103. A rational jury could reasonably find that Defendant
22  knew of a serious risk of harm to Plaintiff because of Plaintiff's report that Booker had
23  raped him. (ECF No. 5 at 4.) *See* Anderson, 477 U.S. at 248-51.

24  Defendant alternatively argued that he is entitled to qualified immunity based on
25  the same contention that under the particular facts here, he had no notice of any risk of

---

[4] Plaintiff also repeated these statements in his Objection—he "reported to Defendant that he had been sexually assaulted and the defendant made fun of him." (ECF No. 55 at 2.)

4

harm to Plaintiff.[5] (ECF No. 37 at 10.) Defendant thus insisted that he did not violate any clearly established right.[6] (*Id*. at 11.) However, the Court again finds that the allegations of Plaintiff's report of rape to Defendant, as alleged in his verified Complaint, creates a material issue of fact that renders summary judgment on Defendant's qualified immunity defense inappropriate.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 55) to the Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 54) is sustained in part and rejected in part.

It is further ordered that Defendant's motion for summary judgment (ECF No. 37) is denied.

It is further ordered that the Doe Defendant is dismissed without prejudice.

DATED THIS 20th Day of January 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[5]Judge Cobb did not reach Defendant's alternative argument because he found in favor of Defendant on liability. (ECF No. 54 at 12.)

[6]The Court conducts a two-step inquiry to determine whether Defendant is entitled to qualified immunity. *See Groves v. City of Reno*, Case No. 3:13-cv-00537-MMD-WGC, 2015 WL 5350099, at *4 (D. Nev. Sept. 14, 2015). First, the Court decides "whether the facts shown make out a violation of a constitutional right." *Id.* If the Court finds a constitutional violation, the Court then decides "whether the constitutional right was clearly established as of the date of the alleged misconduct." *Id.* (citations omitted). "The Supreme Court has instructed that district judges may use their discretion in deciding which qualified immunity prong to address first based on the circumstances of the case at issue." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223 at 232, 236 (2009)). Defendant moved for summary judgment on the first prong. (ECF No. 37 at 10-11.)